# RUBIN, FIORELLA & FRIEDMAN LLP

ATTORNEYS AT LAW
292 MADISON AVENUE
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL: (212) 447-4615
E-MAIL: Mstern@rubinfiorella.com

July 6, 2011

**Via: ECF**
Honorable William D. Wall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **MARKEL AMERICAN INSURANCE CO. V. GRIMALDI, ET AL.**
 **Venue:** **U.S. District Court, Eastern District of New York**
 **Index No.:** **10-CV-05447 (SJF)(WDW)**
 **Our File No.: 625-17906**

Dear Judge Wall:

We represent plaintiff Markel American Insurance Company ("Markel"), the insurer of Dennis Hall, in the above-captioned matter. We submit this letter motion for leave to file and serve an amended complaint pursuant to Rule 15 (a) (2) of the Federal Rules. Defendants' counsel do not consent to the filing of an amended complaint due in part to the pendency of a motion to dismiss the original complaint.

## SUMMARY OF FACTS

Markel issued a policy of marine hull and liability insurance to Dennis Hall covering his 2005 43-foot Nortech vessel.

Hall kept his vessel at a storage facility in Pottsboro, Texas. On November 23, 2007, the vessel was stolen from the storage facility by persons other than defendants in this action. Markel paid its insured for the theft of his vessel. Markel does not believe that the defendants in this action were involved in or arranged the actual conversion of the vessel in Texas. Instead, upon information and belief, the availability of the vessel for purchase was made known, and a defendant or defendants

Honorable William D. Wall
United States District Court
Page 2
July 6, 2011

herein arranged to purchase the stolen vessel. The vessel was transported to New York and delivered to defendant(s) in New York on or after November 23, 2007.

The theft was reported to the Texas police. Information was developed during the investigation that a vessel similar to Mr. Hall's may have been transported to New York and investigations were begun by Suffolk County police. As a result of the police investigations, it was learned that defendants herein wrongfully obtained possession of the vessel. And, in an apparent effort to hide their wrongful possession of the vessel, the defendants stripped the engines and ancillary equipment and destroyed the vessel's hull.

In or about August 2010, the Suffolk County District Attorney indicted the defendants herein on three counts, to wit, (i) conspiracy to obtain possession of the stolen vessel; (ii) criminal possession of the stolen vessel; and (iii) criminal possession of the stolen vessel trailer. The defendants were not charged either with having stolen the vessel from its storage facility in Texas or having arranged for the theft. Based upon the indictment, in November 2010, Markel filed and served the original complaint in this matter, which alleged that defendants herein are responsible for conversion of the vessel.

Defendants moved to dismiss this complaint, arguing that the conversion occurred in Texas and that the complaint against them in New York is therefore barred by the Texas two year statute of limitation. Defendants recognized in the reply papers, however, that if Markel can allege that an independent third party took control of the vessel before defendants obtained it in New York, then a claim could be established under New York's three year statute. This is the essential gist of the complaint, that the defendants obtained the vessel in New York, not that they stole it in Texas. However, Markel will not argue the merits of the pending motion.

Importantly, after Markel filed its complaint, and *after* defendants filed the motion to dismiss, the Suffolk County District Attorney dismissed the initial three count indictment and, in *March 2011* handed down a new indictment, which sets forth several new acts in New York which clearly establish that the New York three year statute of limitations should be applied to the acts of these defendants. Specifically, the *March 2011* indictment sets out that defendants, in addition to

Honorable William D. Wall
United States District Court
Page 3
July 6, 2011

obtaining the stolen vessel, conspired to and did disassemble the vessel and dispose of the component parts, and used a "construction-type vehicle to crush the hull of the boat". These acts establish a cause of action for conversion by wrongful disposal of the vessel, which occurred solely in New York.

Subsequent to the handing down of the *March 2011* indictments, and prior to the submission of the briefed motion to dismiss the original, counsel for defendants were requested by the undersigned to consent to the filing of an amended complaint to both cure the asserted defects in the original complaint (which Markel disputes exist) and to add new causes of action arising out of the same underlying conduct. This request was refused and this motion to amend was necessitated.

## THE LAW

The Federal Rules provide that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15 (a). This rule is interpreted liberally. An amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules" *Forman v. Davis*, 371 U.S. 178 (1962). Indeed, an amendment should be granted unless the party opposing amendment must meet a very heavy burden to establish that that it appears beyond doubt that the party can prove no set of facts in support of the claim which would entitle the party to relief.

Here, the motion for leave to amend the complaint alleges new causes of action arising out of the same facts as set forth in the original complaint. Importantly, the original complaint was timely brought under the New York statute of limitations, and the proposed amendments arise out of the same conduct and thus, relate back to the timely filed complaint. Further, defendants will suffer no prejudice by the filing of an amended complaint, as the Court has not yet held a Rule 16 scheduling conference.

Honorable William D. Wall
United States District Court
Page 4
July 6, 2011

It is respectfully submitted that the motion to file an amended complaint, a copy of which is attached hereto, be granted.

Respectfully submitted,

Michael E. Stern

RUBIN, FIORELLA & FRIEDMAN LLP

RUBIN, FIORELLA, & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017
(212) 953-2381
Attorneys for Plaintiff,
MARKEL AMERICAN INSURANCE COMPANY,
as subrogee of DENNIS HALL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARKEL AMERICAN INSURANCE COMPANY,   DOCKET NO: 10 CV 5447
as subrogee of DENNIS HALL,

                Plaintiff,   **AMENDED COMPLAINT**

-against-

ANGELO GRIMALDI, JOSEPH SGRO,
RICHARD STIEGLITZ, JEFFERY CROPPER,
JAMES BUCK, ANTHONY PERRY,
CURTIS CROPPER,
                Defendants.
-----------------------------------------------------------------X

      Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, as subrogee of DENNIS HALL, by and through its attorneys, RUBIN, FIORELLA & FRIEDMAN LLP., set forth the following, upon information and belief, as and for their Amended Complaint.

## JURISDICTION

    1.    This Court has jurisdiction over this case as there is complete diversity between Plaintiff and Defendants, and the claim for relief exceeds the sum or value of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. §1332.

## VENUE

    2.    Venue is proper under 28 U.S.C. §1391(1) because at least one of Defendants resides within this judicial district. All the Defendants reside in the same State.

## PARTIES

3. At all relevant times, plaintiff, MARKEL AMERICAN INSURANCE COMPANY, as subrogee of DENNIS HALL was a corporation existing under the laws of the Commonwealth of Virginia, with a principle place of business at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.

4. At all relevant times, Defendant ANGELO GRIMALDI, was and still is a resident of the State of New York, with an address of 30 Emlu Drive, Selden, New York.

5. At all relevant times, Defendant JOSEPH SGRO, was and still is a resident of the State of New York, with an address of 3344 Judith Drive, Bellmore, New York.

6. At all relevant times, Defendant RICHARD STIEGLITZ, was and still is a resident of the State of New York, with an address of 24 South Plaza, Amityville, New York.

7. At all relevant times, Defendant JEFFERY CROPPER, was and still is a resident of the State of New York, with an address of 505 Kensington Lane, Bethpage, New York.

8. At all relevant times, Defendant JAMES BUCK, was and still is a resident of the State of New York, with an address of 821 Ocean Street, Lindenhurst, New York.

9. At all relevant times, Defendant ANTHONY PERRY, was and still is a resident of the State of New York, with an address of 791 South Long Beach Road, Freeport, New York.

10. At all relevant times, Defendant CURTIS CROPPER, was and still is a resident of the State of New York, with an address of 112 Glen Road, North Babylon, New York.

## FACTS

11. At all relevant times mentioned herein, Plaintiff's subrogor, DENNIS HALL was the registered owner of a 43-foot 2005 Nortech 4300 motor vessel bearing hull identification number AOV34023J405 ("the vessel") and a 2005 Myco Trailer ("the trailer").

12. On or about November 23, 2007, the vessel and trailer were located at Derebery Performance Marine, 235 Highpoint Road, Pottsboro, Texas, 75076.

13. On or about November 23, 2007, the vessel and trailer were insured under Watercraft Policy RP2011278, with a term of November 1, 2007 through November 1, 2008, issued by Plaintiff Markel American Insurance Company ("Policy").

14. On or about November 23, 2007, the vessel and trailer were stolen from Derebery Performance Marine, 235 Highpoint Road, Pottsboro, Texas, 75076 by a person or persons other than defendants herein.

15. On or about November 23, 2007, the vessel and trailer were transported from Derebery Performance Marine, Pottsboro, Texas by road to New York by a person or persons other than defendants herein.

16. That as a result of said conversion and/or trespass to chattels on November 26, 2007, Plaintiff was caused to pay to its insured DENNIS HALL and/or the DENNIS HALL's loss payees as named under the Policy, along with expenses related to the loss, an amount in excess of five-hundred sixty-thousand dollars and zero cents ($560,000.00), pursuant to the Policy.

17. Plaintiff, by virtue of such payment, at law and pursuant to the terms and conditions of the Policy, is subrogated to the rights of its insured, DENNIS HALL, and is entitled

to pursue this action against the Defendants named herein, in its own name and as agent for others, as their respective interests appear.

17. On or about November 24 through 27, 2007, Defendants and each of them engaged in telephone conversations in New York in order to arrange for the delivery to them in New York of the vessel and trailer.

19. On or about November 24 through 27, 2007, Defendants and each of them engaged in telephone conversations in New York in furtherance of a plan to convert and disassemble the component parts of the vessel in New York.

20. On or about November 26, 2007, Defendants and each of them wrongfully obtained possession and with the intent to deprive Hall, the rightful owner, of possession of the vessel and trailer in New York, from a person or persons other than Defendants.

21. On or about November 27, 2007, Defendants and each of them removed from the vessel two Teague Marine engines, outdrives and other parts, in New York.

22. On or about November 27, 2007, Defendants and each of them used a construction type vehicle to crush and destroy the hull of the vessel, in New York.

23. On or between November 27, 2007 and January 31, 2008, Defendants and each of them disposed of the stolen vessel components in New York.

24. On or about November 26, 2007, the vessel and/or parts of the vessel were discovered to be in Lindenhurst, New York, in the possession of the Defendants.

25. That since the date of said conversion and/or trespass to chattels, an investigation by law enforcement authorities has resulted in the bringing of an Indictment in the County Court of the State of New York, County of Suffolk, in or about August 2010. This Indictment was

dismissed and a second Indictment was brought in or about March 2011 for crimes arising out of the conversion and/or trespass to chattels, involving Plaintiff's subrogee's vessel and trailer.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiff re-alleges and re-avers each and every allegation set forth above in paragraphs number "1" through "25" as though fully set forth herein *in extenso*.

27. The Defendants, and each them, individually and acting in concert, on or about November 26, 2007, wrongfully obtained possession of the vessel and its trailer in New York from a third party or parties, knowing it to have been stolen, and with the intent to benefit themselves and to deprive Hall of the ownership of the vessel.

28. The conversion by Defendants occurred in New York on or about November 26, 2011.

29. That as a result of said conversion by the Defendants, each or either of them, Plaintiff herein has been damaged in an amount in excess of $560,000.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "29" as though fully set forth herein *in extenso*.

31. The Defendants, and each of them, knowingly took possession of the vessel and trailer in New York, from a third party or parties, and are liable to Plaintiff for trespass to the chattels of Plaintiff's subrogee.

32. That as a result of the said trespass by Defendants, and each of them, Plaintiff herein has been damaged in an amount in excess of $560,000.

## AS AND FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs "1" through "32" as though fully set forth herein *in extenso*.

34. On or between November 27, 2007 and January 31, 2008, Defendants, and each of them, acting alone and in concert, in New York, with intent to damage property of Plaintiff's subrogee, and without having a right to do so and without reasonable ground to believe that they had such a right, stripped and disassembled the vessel's engines, outdrives and related equipment, and crushed, and destroyed the vessel's hull.

35. As a result of Defendants' conversion by wrongful disposal of the vessel, trespass and otherwise wrongful conduct in New York, Plaintiff has been damaged.

36. That as a result of the said conversion by wrongful disposal by Defendants, and each of them, Plaintiff herein has been damaged in an amount in excess of $560,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

37. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "36" as though fully set forth herein *in extenson*.

38. In an effort to hide their involvement in the conversion of Plaintiff's subrogee's vessel, on or between November 27, 2007 and January 31, 2008, Defendants, and each of them, acting in New York, destroyed the vessel and otherwise prevented Plaintiff from locating and/or recovering the vessel.

39. That as a result of said wrongful and tortuous conduct by Defendants, and each of them, Plaintiff has been damaged in an amount in excess of $560,000.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, individually and jointly, in an amount in excess of $560,000.00; together with costs, fees, interest and any such other and further relief as this Honorable Court may deem just, proper and equitable.

Dated: New York, New York
July 6, 2011

        Yours, etc.,

        **RUBIN, FIORELLA & FRIEDMAN, LLP**

        By:_____
            Michael E. Stern, Esq.

        Attorneys for Plaintiff, MARKEL AMERICAN
        DENNIS HALL
        292 Madison Avenue, 11th Floor
        New York, New York   10017
        (212) 953-2381

# CERTIFICATION

I hereby certify that on July 6, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

EGAN & GOLDEN, LLP.
Attn: Brian T. Egan, Esq.
Attorneys for Defendant
**JAMES BUCK**
96 South Ocean Avenue
Patchogue, NY 11772
(631) 447-8100
(631) 447-8181 (F)

WINOGRAD & WINOGRAD, P.C.
Attn: Corey Winograd, Esq.
Attorneys for Defendant
**JOSEPH SGRO**
450 Seventh Avenue, Suite 1308
New York, New York 10123
(212) 268-6900
(212) 629-5825

FINKELSTEIN & FEIL, LLP
Attn: Michael S. Finkelstein, Esq.
Attorneys for Defendant
**ANTHONY PERRY**
666 Old Country Road, Ste 310
Garden City, New York 11530
(516) 280-3660
(516) 280-3661

MICHAEL J. BROWN, P.C.
Attn: Michael J. Brown, Esq.
Attorney for Defendant
**RICHARD STIEGLITZ**
320 Carleton Avenue, Suite 2000
Central Islip, NY 11722
(631) 232-9700
(631) 232-9701 (F)

MAZZEI AND BLAIR
Attn: Timothy P. Mazzei, Esq.
Attorneys for Defendant
**ANTHONY GRIMALDI**
9B Montauk Highway
Blue Point, New York 117154
(631) 363-8600
(631) 363-8605

_____
Michael E. Stern