UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARKEL AMERICAN INSURANCE COMPANY
a/s/o DENNIS HALL,

                Plaintiff,              **REPORT AND**
                                                                     **RECOMMENDATION**
          -against-                CV 10-5447  (SJF) (GRB)

ANGELO GRIMALDI, JOSEPH SGRO, RICHARD
STIEGLITZ, JEFFERY CROPPER, JAMES BUCK,
ANTHONY PERRY and CURTIS CROPPER,

                Defendants.
------------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       This action, by plaintiff, Markel American Insurance Company ("Markel"), as subrogee, seeks recovery for the theft and conversion of a 43-foot power boat called the "Card Shark," along with a boat trailer which occurred between November 2007 and January 2008. According to the allegations and other materials submitted, the theft involved a fairly sophisticated scheme, which included transporting the vessel and trailer from a location in Texas to a boat yard in Lindenhurst, New York; disassembling and stripping the engines, outdrives and other parts from the Card Shark; and crushing and disposing of the Card Shark's hull (which contains a hull identification number) using a construction vehicle. The scheme resulted in the indictment of five of the defendants by a grand jury in Suffolk County, New York. Plaintiff alleges paying damages exceeding $560,000 in connection with the theft.

       Before the court on referral from District Judge Feuerstein are two motions in this matter. Defendant James Buck has moved to dismiss the complaint pursuant to Rule 12(b)(6), based upon the statute of limitations and a failure to state a claim. *See* Docket Entry ("DE") [21].

Defendants Angelo Grimaldi,[1] Richard Stieglitz, Anthony Perry, and Joseph Sgro have joined in that motion. *See* DEs [22], [24], [25], and [26]. The remaining defendants, Jeffery Cropper and Curtis Cropper, have not appeared in this action. Plaintiff Markel American Insurance Company has cross-moved to amend the complaint. *See* DE [30]. For the reasons set forth below – including the defendants' extensive efforts to conceal the criminal activity at issue herein – it is recommended that the defendants should be equitably estopped from asserting the statute of limitations. Thus, for the reasons set forth herein, it is recommended that the motion to amend be granted in part and denied in part, and that the motion to dismiss be denied as moot.

## BACKGROUND

*The Initial Complaint*

The initial complaint was filed on November 23, 2010, only three months after the filing of the indictment in Suffolk County. It alleges as follows: Dennis Hall was the registered owner of a 43-foot 2005 Nortech 4300 motor vessel (the "vessel") and a 2005 Myco Trailer (the "trailer"). Compl. ¶11, DE [1]. The vessel and trailer were insured by Markel under a Watercraft Policy ("the policy") with a term of November 1, 2007 through November 1, 2008. *Id.* ¶13. On or about November 23, 2007, the vessel and trailer were located at Derebery Performance Marine, 235 Highpoint Road, Pottsboro, Texas. *Id.* ¶12. The complaint says little about the circumstances of the theft of the vessel, but it specifically references the indictment. *Id.* ¶17. Markel paid its insured Hall an amount in excess of $560,000 as a result of the conversion and/or trespass to chattels, and was subrogated to Hall's rights under the policy. *Id.*

---

[1] Grimaldi's counsel subsequently filed a letter noting the death of Mr. Grimaldi during the pendency of this action. *See* DE [33].

2

¶¶15-16.

The complaint references an indictment filed in August 2010 which charges the defendants Angelo Grimaldi, Joseph Sgro, Richard Stieglitz, Jeffrey Cropper and James Buck (collectively, the "Indicted Defendants") – together with a corporate defendant not part of this action -- with conspiring to and engaging in the alleged theft. Specifically, it charges the Indicted defendants with conspiring "to obtain a stolen 205 Nortech boat . . . and to strip the boat for parts." Indictment, Count 1. It charges, as overt acts, the possession of the boat and trailer, and the removal of "two Teague Marine engines, outdrives and other parts." *Id.* In two additional counts, it charges that the indicted defendants possessed the vessel and trailer "with intent to benefit themselves" in or about November 2007. *Id.,* Counts 2-3.

The complaint encompasses two causes of action – one for conversion and one for trespass to chattels.

*The Proposed Amended Complaint*

Subsequent to the filing of defendants' motion to dismiss, plaintiff moved to amend the complaint. *See* DE [30]. The proposed amended complaint alleges that the vessel and trailer were stolen in Texas and transferred to New York "by a person or persons other than defendants herein." Prop. Am. Compl. ¶¶14, 15. It further alleges that defendants engaged in telephone conversations to arrange for the delivery of the vessel and trailer to them in New York, and that they removed the vessel's engines and parts and disposed of them in New York. *Id.* ¶¶18, 21-23. Plaintiff proposed four causes of action – conversion in New York, trespass to chattels for taking possession of the vessel and trailer in New York, conversion by wrongful disposal of the vessel in New York, and destruction of the vessel in New York.

3

The proposed complaint references a second indictment, filed in March 2011. *Id.* ¶25. In addition to the allegations contained in the first indictment, the second indictment details a series of telephone conversations between and among the Indicted Defendants, their obtaining of the Card Shark, its disassembly and destruction, and the disposal of its components in Suffolk County, NY. It further charges that several of the defendants "used a construction-type vehicle to crush the hull of the boat."

## DISCUSSION

### I. Legal Standards

#### A. Motion to Dismiss

Defendants move under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005). The Court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009)).

In considering a motion to dismiss pursuant to Rule 12(b)(6), "[t]he court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken." *Dowdy v. Hercules,* 2010 WL 169624, at *3 (E.D.N.Y. Jan. 15, 2010). Additionally, it is clear that the court may "rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6),

4

including the public record of prior judicial decisions." *Jordan v. Verizon Corp.,* 2008 WL 5209989, at *5 (S.D.N.Y. Dec. 10, 2008) (citations omitted); *see also Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) (noting that "courts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings").

*B. Motion to Amend*

Rule 15 contemplates that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although amendments are generally favored because "they tend to facilitate a proper decision on the merits," *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted), ultimately, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co.v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Generally, leave to amend should only be denied for good reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman,* 371 U.S. at 182). A proposed amendment may be deemed futile if the claim would be unable to withstand a Rule 12 (b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Indeed, "the standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12 (b)(6) motion to dismiss - namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Crippen v. Town of Hempstead,* 2009 WL

803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009).

## II.  Statute of Limitations and Equitable Estoppel

Defendants' principal argument in support of its motion to dismiss and in opposition to the motion to amend centers on the statute of limitations.  The complaint alleges that the Card Shark was stolen in Texas on or about November 23, 2007, while the proposed amended complaint alleges not only the initial theft perpetrated by individuals other than the defendants, but subsequent acts of conversion by defendants which took place in New York between November 24, 2007 and January 31, 2008.  This case was filed on November 23, 2010, in New York.  Under New York law, claims for conversion have a three-year statute of limitations.  N.Y. C.P.L.R. §214 (3).  In Texas, suits alleging claims of "conversion of personal property" must be commenced "not later than two years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code §16.003 (West 2005).

Defendants claim that plaintiff's claims are time-barred since, by operation of C.P.L.R. §202, New York's "borrowing statute," Texas's two year statute of limitations must be applied to plaintiff's initial complaint.  Plaintiff argues for application of the three year statute of limitations under New York law.[2]   Further, defendants assert that even if New York law applies to the proposed amended complaint, it is now untimely under New York's three year statute.

---

[2]  Much of the briefing centered around plaintiff's claims that the statute of limitations defense was unavailing because this action sounded not only in diversity, but also in this Court's admiralty and maritime jurisdiction.  However, plaintiff withdrew the federal admiralty claims at a conference held before Judge Feuerstein after the motion to dismiss had been filed.  Plaintiff's counsel confirmed the withdrawal in a letter to the court, concluding that "the complaint is before the Court on federal diversity jurisdiction, and to be decided solely under the applicable state law."  Pl. Ltr. of 6/2/11, DE [28].

Defendants' arguments are unpersuasive for several reasons. First, based on the complaint, one or more defendants may have traveled to Texas to participate in the theft of the vessel (and presumably left and did not return). If so, the Texas statute of limitations may be tolled by operation of Texas law, which provides that "absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." See Tex. Civ. Prac. & Rem. § 16.063. Thus, at a minimum, plaintiff should be permitted to provide additional materials on this issue – and perhaps conduct discovery – before dismissal is warranted. See Fed.R.Civ.P. 12(d). However, because it is recommended that the motion to amend be granted, the motion to dismiss the original complaint need not be considered further and should be denied as moot.

As to the claim that New York statute of limitations would bar the amended complaint, this argument is unavailing. In its amended complaint, plaintiff clearly alleges sufficient facts occurring in New York to form the basis for a New York cause of action for conversion, particularly if considered in light of the "multiple conversion" theory discussed in *Stanley v. Morgan Guar. Trust Co.,* 173 A.D.2d 390, 570 N.Y.S.2d 22 (1st Dep't 1991).[3]  Equally important, though, plaintiff asserts that "the equities favor excusal of any supposed tardiness in the commencement of this action." Opp. at 8.  I find this argument to be persuasive and dispositive of the New York statute of limitations issue, at least on this motion.

As the New York Court of Appeals noted,

> [t]he principle that a wrongdoer should not be able to take refuge
> behind the shield of his own wrong is a truism. The United States

---

[3]  Though not pled, the facts may also support other causes of relief under New York law, such as unjust enrichment and constructive trust.

> Supreme Court has espoused the doctrine in these terms: "To decide the case we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations."

*General Stencils v. Chiappa,* 18 N.Y.2d 125, 127-28, 272 N.Y.S.2d 337 (1966) (quoting *Glus v. Brooklyn E. Dist. Terminal,* 359 U.S. 231, 232-33 (1959)). Courts may bar assertion of a statute of limitations defense where "a carefully concealed crime" caused even a "long delay between the accrual of the cause of action and the institution of the legal proceeding." *Chiappa,* 18 N.Y.2d at 128; *see also Farkas v. Farkas,* 168 F.3d 638, 642 (2d Cir. 1999) (noting that intentional concealment of a conversion "can be a sufficient basis for estoppel").

In this case, plaintiff has alleged conduct by the defendants that may allow it to mount a successful argument for equitable estoppel of a statute of limitations defense. The amended complaint alleges significant efforts by defendants to steal the Card Shark and conceal their role in the theft. According to the allegations, defendants acquired the stolen vessel and trailer, transported the vessel more than 1,500 miles to a boatyard in this district, disassembled the boat, removed the engines and planned to sell off the parts. Prop. Am. Compl. ¶¶18-22. Most tellingly, using a construction vehicle, they crushed the hull – an object as long as a house – which featured large painted surfaces publicly identifying the boat as the Card Shark, and hull identification numbers. Clearly, such actions, all intended to conceal the defendants' participation in the conversion by rendering the spoils untraceable, bear significantly on the question of equitable estoppel.

In *Golden Budha Corp. v. Canadian Land Co.*, 931 F.2d 196 (2d Cir. 1991), the Second

8

Circuit rejected an argument almost precisely the same as that advanced by defendant herein. In that matter, defendant alleged, *inter alia*, that the Government of the Philippines had stolen and converted a golden statue of Buddha discovered by the plaintiff, purportedly at the direction of Ferdinand and Imelda Marcos. Reversing the district court's dismissal of plaintiff's conversion claim on statute of limitation grounds, the Court observed:

> In New York, "[i]t is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." The plaintiff is said to bear the burden of establishing that the action has been brought within a reasonable time after the facts forming the basis for the estoppel no longer are operational. "Whether in any particular instance the plaintiff will have discharged his responsibility of due diligence in this regard must necessarily depend on all the relevant circumstances." In the case at bar ..."[i]t is not possible or appropriate ... on the present motion addressed to the pleading, presenting us as it must with only a skeletal record, to determine whether this plaintiff met [its] obligation of due diligence when [it] instituted the present action..." Indeed, it is questionable whether an equitable estoppel defense to a statute of limitations claim under circumstances such as those revealed here even can be resolved on a summary judgment motion.

*Id.* at 200 (citations omitted). Of particular relevance to the instant case, the Second Circuit noted that defendants therein were "accused of acting in concert with the Marcoses to convert Roxas' property in a scheme involving fraudulent deception designed to cover up their wrongdoing and to prevent Roxas and his assignee from knowing that the appellees were in any way involved in the conversion." *Id.* Thus, as in the case at bar, where defendants allegedly acted to prevent plaintiff (and others) from discovering the identity of the perpetrators of certain acts, said defendants cannot, on a motion to dismiss, dispose of the action on the basis that the plaintiff took too long to determine their identities, and plaintiff should be permitted the

9

opportunity to litigate its claims. In reaching this determination, I am mindful of the seeming diligence by the plaintiff: the initial complaint was filed within three months of the original indictment, which apparently revealed the defendants' identity.

A determination that the assertion equitable estoppel prevents defendant from prevailing on this motion is not the end of the matter. It is "fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit." *Zumpano v. Quinn,* 6 N.Y.3d 666, 674, 816 N.Y.S.2d 703 (2006). "[T]hievery [by] defendant entitles plaintiff to litigate the issue of equitable estoppel. This is not to say that plaintiff will necessary prevail . . . this raises issues of fact . . . to be resolved at . . . trial." *See Chiappa* at 128-29. Thus, with respect to defendants' statute of limitations argument, it is recommended that the motion to dismiss be denied, and plaintiff be granted leave to amend.[4]

### III. Failure to State a Claim

Defendants further move to dismiss and oppose the motion to amend for failure to state a claim. Though defendants' arguments are somewhat conclusory, with regard to one claim – to wit: trespass to chattels, the motion has merit.

Although the proposed amended complaint asserts claims of both conversion and trespass to chattels, these are essentially alternative causes of action. "Interference with a person's property constitutes trespass, while a denial or violation of the plaintiff's dominion,

---

[4] Defendants also argue that plaintiff's motion to amend is made in "bad faith," a curious position in light of the allegations of criminal behavior on the part of defendants that underlies plaintiff's claims. Plaintiff notes that the timing of the motion to amend is based in part on the new criminal indictment against defendants that was handed down in March 2011.

10

rights, or possession, is the basis of an action for conversion." *Sporn v. MCA Records, Inc.,* 58 N.Y.2d 482, 487, 462 N.Y.S.2d 413 (1983) (internal citations and quotations omitted).  The distinction between the two claims may be important in applying a statute of limitations as "[a] claim for trespass may be considered a continuing offense, whereby 'each day the rightful possessor's use and enjoyment of the chattel is impaired,' a new claim accrues" while a conversion claim "begins to accrue at the moment of conversion." *Lennon v. Seaman,* 63 F. Supp. 2d 428, 440 (S.D.N.Y. 1999) (citing *Weisman v. Rosenker,* 1985 WL 182, at *2 (S.D.N.Y. Jan. 10, 1985)) (additional citations omitted).  In other words, "[a] continuing right may exist where there is an interference with but no destruction or conversion of property." *Sporn,* 58 N.Y.2d at 487 (internal quotation and citation omitted).  The court must look to the facts as pleaded to determine if the allegations, if proven, would constitute a trespass or a conversion. *See generally Dolmetta v. Uintah Nat'l Corp.,* 712 F.2d 15, 19 (2d Cir. 1983) ("courts look to the essence of the stated claim and not the label by which a plaintiff chooses to identify it").

Plaintiff claims that the vessel and trailer were stolen on or about November 23, 2007, and there are no allegations to suggest that Hall retained any dominion over his property subsequent to that date.  As Hall's possessory rights were denied from that point further, plaintiff's claim is for conversion, not trespass.  Accordingly, to the extent the motion to amend seeks leave to assert a cause of action for trespass, it should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to amend be denied as to the proposed trespass claim, and granted as to the conversion claims.  It is further recommended that, in light of this determination, the Court need not address additional

arguments made in defendants' motion to dismiss, and accordingly, it should be denied as moot.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 10, 2012

      /s/ Gary R. Brown
      GARY R. BROWN
      United States Magistrate Judge